IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00551-PAB-MEH

DAVID A. BOVINO P.C., d/b/a Law Offices of Bovino & Associates, a
Colorado corporation, and
DAVID A. BOVINO, an individual,

    Plaintiffs,

v.

PATRICIA A. MACMILLAN, an individual, and
CHRISTINA MACMILLAN, an individual,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Withdraw Plaintiffs' Request for Punitive Damages [Docket No. 25] filed by Plaintiffs David A. Bovino P.C. and David A. Bovino.  In their motion, plaintiffs ask the Court to withdraw, without prejudice, the requests for punitive damages in the First, Second, Third, Fourth, and Eighth claims for relief in the Second Amended Complaint [Docket No. 9].[1]  Docket No. 25 at 1.  The motion is unopposed.

---

[1] In diversity cases, the award of punitive damages is a matter of state law. *Klein v. Grynberg*, 44 F.3d 1497, 1503 (10th Cir. 1995).  Under Colorado law, punitive damages are only available via statute.  Colo. Rev. Stat. § 13-21-102(1.5)(a); *Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1118 (D. Colo. 2000).  Pursuant to § 13-21-102(1.5)(a), a claim for punitive damages may not be included in any initial claim for relief, but may be added by amendment to the pleadings after the exchange of initial disclosures and plaintiff establishes "prima facie proof of a triable issue" as to punitive damages.  *Adams v. Corrs. Corp. of Am.*, 187 P.3d 1190, 1197-98 (Colo. App. 2008).

Plaintiffs do not specify under which rule the Court may withdraw their requests for punitive damages. In addition, defendants have filed answers to the complaint, *see* Docket Nos. 10, 23, and plaintiffs' motion is not signed by all the parties that have appeared in the case. *See* Fed. R. Civ. P. 41(a)(1). Although there is no controlling decision of the Tenth Circuit, the weight of authority from other circuits is that Rule 41(a) governs dismissal of all claims against a defendant and does not allow for piecemeal dismissals. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir.1988) ("a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint ... [instead, we agree with two of our sister circuits] that Federal Rule of Civil Procedure 15(a) is the appropriate mechanism"). In cases such as this one, where a plaintiff has attempted to dismiss fewer than all claims against a defendant, courts typically convert the plaintiff's motion into a Rule 15 motion to amend the complaint. *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, 2011 WL 1793388, at *3 (N.D. Okla. May 11, 2011); *see, e.g., Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983) ("it is immaterial whether the court acts pursuant to Rule 15(a) or Rule 41(a)(2)").

Accordingly, the Court will construe plaintiffs' motion under the standards applicable to a Rule 15 motion. Rule 15(a) provides that, "after a responsive pleading has been served, a party may amend its pleading 'only by leave of court or by written consent of the adverse party,'" and "leave shall be freely given when justice so requires." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); Fed. R. Civ. P. 15(a). Rule 15 instructs that courts should grant amendments in the absence of

undue delay, prejudice, futility, or bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the present case, the Court finds no reason to deny the withdrawal of the requests for punitive damages against defendants. Plaintiffs' motion is unopposed and there has been no undue delay, prejudice, or dilatory motive on behalf of plaintiffs.[2]

Accordingly, it is

**ORDERED** that the Unopposed Motion to Withdraw Plaintiffs' Request for Punitive Damages [Docket No. 25] is **CONVERTED** into a Rule 15 Motion to Amend and **GRANTED**. It is further

**ORDERED** that the requests for punitive damages in plaintiffs' First, Second, Third, Fourth, and Eighth claims for relief are dismissed without prejudice.

DATED December 17, 2012.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge

---

[2] Plaintiffs may seek leave to amend their complaint and reassert their claims for punitive damages after the parties exchange initial disclosures. *See Richfield Hospitality, Inc. v. Charter One Hotels & Resorts, Inc.*, No. 12-cv-01937-REB-MEH, 2012 WL 4097722, at * 2 (D. Colo. Sept. 18, 2012) (allowing plaintiff leave to amend its complaint to add claim for exemplary damages after exchange of Rule 26 disclosures).