IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00551-PAB-MEH

DAVID A. BOVINO P.C., d/b/a Law Offices of Bovino & Associates, a Colorado corporation, and
DAVID A. BOVINO, an individual,

      Plaintiffs,

v.

PATRICIA A. MACMILLAN, an individual, and
CHRISTINA MACMILLAN, an individual,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint [filed November 25, 2013; docket #113]. The motion is referred to this Court for disposition. Docket #114. The matter is fully briefed, and the Court heard oral argument on January 21, 2014. For the reasons that follow, the Court respectfully RECOMMENDS that the motion be **DENIED**.[1]

## BACKGROUND

David Bovino represented a man named Andrew MacMillan regarding certain financial

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

issues. Ultimately, Andrew entered a settlement agreement with Bovino to pay about $500,000 in legal fees. Shortly after the agreement, Andrew's mother, Patricia, and Andrew's wife, Christina, were appointed guardians over Andrew. Allegedly because of the interference of Patricia and Christina, Andrew reneged on the fee agreement. Bovino has a pending lawsuit in state court against Andrew for the $500,000 in legal fees (which Defendants in this case apparently are handling on Andrew's behalf).

In the present case, Bovino brings a number of claims against Patricia and Christina MacMillan, mainly revolving around allegations that they interfered with Andrew and Bovino's attorney-client relationship by making up a false email under Bovino's name and a false website for Bovino's law firm, to which Christina admitted in a deposition. UBS Financial Services, Inc., through UBS Trust Company, N.A., is the trustee of a large trust for which Andrew is the beneficiary [Andrew being an heir of part of the Cargill fortune]. Incidentally, Andrew has in times past been declared not competent to conduct his own affairs and, in fact, is currently in jail pending drug charges in Florida. Timothy Kelly is a Minnesota attorney with the firm Kelly and Hannah, P.A. who is alleged to have conspired with, and participated in, Patricia's and Christina's wrongful conduct.

The present motion seeks an order permitting leave to file claims against the UBS entities, Kelly, and Kelly's law firm for their alleged roles in interfering with Bovino's relationship with Andrew. Christina opposes the motion on various grounds, but most importantly the prejudice it would cause her and Patricia (mostly financial) and the undue delay in Plaintiffs seeking to add these parties at this stage of the litigation. Plaintiffs attribute the delay to an effort by the parties to settle the case (and concomitant desire to hold down costs of discovery during the settlement negotiations) along with UBS's refusal to cooperate in producing documents.

After hearing argument on the present motion, I requested documents supporting the

2

Plaintiffs' argument that the effort to settle the case was the principal cause of delay. I have received a letter from James Lyons, a local attorney who served as the mediator, which briefly outlines his efforts to assist in settling the case. The Court is now fully advised and recommends as follows.

## DISCUSSION

The present motion implicates both Fed. R. Civ. P. 15 and 16. First, the motion was filed after the deadline set for joinder of parties and amendment of pleadings in the governing scheduling order and, indeed, after the extended discovery deadline in this case; thus, Plaintiffs must demonstrate good cause for modifying the scheduling order pursuant to Rule 16(b). Second, the motion must comply with the requirements of Rule 15(a) for amendment of pleadings. The Court will address each requirement in turn.

### I. Modification of the Scheduling Order

According to the Scheduling Order, by the parties' own stipulation the deadline for joinder of parties and amendment of pleadings was set for June 9, 2012. (Docket #31 at 17-18.) No extension of this deadline was ever requested. The original discovery deadline, again by the parties' stipulation, was December 31, 2012. On September 12, 2012, at the request of the parties, the Court extended this deadline to April 10, 2013. On January 23, 2013, at the request of the parties, the Court extended this deadline to July 8, 2013. On July 18, 2013, at the request of the parties, the Court extended this deadline to October 15, 2013. On September 26, 2012, at the request of the parties, the Court extended this deadline to November 22, 2013. The current motion was filed on November 25, 2013.

Because Plaintiffs have filed the present motion well after the deadline for amendments, granting the motion pursuant to Rule 15(a) would require yet another amendment of the Scheduling Order. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in

attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* In order to show good cause, Plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause." *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010), *adopted by* 2010 WL 1957099 (D. Colo. May 17, 2010) (citation omitted).

Here, the record establishes that no later than April 2012, Plaintiffs were aware of and intended to further pursue facts surrounding the involvement of UBS in making (or denying) funds available to Andrew for purposes of paying Bovino. In the Scheduling Order, Plaintiffs alleged:

> Christina MacMillan has admitted that she did indeed set up and create the fictitious e-mail account used to steal Mr. Bovino's likeness and intrude into his attorney-client relationship with Mr. MacMillan and access Mr. Bovino's attorney work product. Patricia Macmillan admits that she sought and became Andrew MacMillan's legal guardian but now cloaks that action in motherly love. But the evidence will show that Patricia MacMillan began those proceedings only after learning that Andrew MacMillan had instructed his lawyer Mr. Bovino to start a process to move trust administration away from the trustee with whom Patricia had a close relationship.

Scheduling Order, docket 31 at 5 (July 26, 2012). In that same Order, Plaintiffs expressed an intent to take the deposition of "Representatives of U.B.S. Trust Company and/or Jan Klein Group." *Id.* at 19. Indeed, as early as March 2012, Plaintiffs submitted formal discovery requests to the

Defendants seeking information about their relationship with UBS. Docket #73 at 3. Further, both at the hearing and in documents filed with the Court, Plaintiffs acknowledged that the documents supporting UBS's and Kelly's potential involvement in the alleged scheme were produced to Plaintiffs by UBS on January 28, 2013. Plaintiffs further allege that a March 27, 2013 deposition, coupled with the UBS document production, "have resulted in overwhelming evidence that UBS and Kelly were both aware of an active participants in Christina's and Patricia's scheme to terminate Bovino's representation of Andrew . . . ." Motion for Leave to File Third Amended Complaint, docket #113 at 2. Had the Plaintiffs filed a motion for leave to amend in March 2013, that would have allowed eight months of discovery for the substantial additional claims against the four new parties they now wish to add (given the ultimate November 22, 2013 discovery deadline). Yet this Motion was not filed until November 25, 2013, eight months after Plaintiffs had sufficient knowledge to file the new claims. To account for this delay, Plaintiffs allege that commencing in April 2013 and continuing to September 2013, they were engaged in efforts to settle the case. I do not believe the facts support this as an adequate basis for delay.

The letter from James M. Lyons, the mediator for the parties in this case, states that "[e]fforts to mediate commenced in July, 2013 and terminated on or about September 16, 2013." Thus, in an eight-month period, two months maximum was reasonably devoted to settlement. Yet even in that period, the months of July-September 2013, the parties were engaging in expert discovery, briefing a motion for summary judgment, and filing and briefing a motion to compel production of documents. At the hearing, the parties admitted they never agreed to any formal or informal stay, although Defendants acknowledge that the parties did agree to focus their efforts on settlement in the summer.

The proposed amendment fundamentally changes this case. UBS is an enormous, worldwide financial services conglomerate which, by the parties' own statements at the hearing, makes millions

5

of dollars a year on this one trust alone. There is no doubt that the UBS and Kelly entities will vigorously defend against any allegation of conspiracy here. This amendment would bring about an entirely new lawsuit within a lawsuit, nearly three years after the current case was filed (the case having been initially filed on May 10, 2011 in Pitkin County, Colorado and removed to this Court on March 1, 2012). I cannot envision a trial in this case until late 2015 or early 2016 given the motions practice and discovery that would necessarily take place.

The Court finds that Plaintiffs have not provided an adequate explanation for the delay nor asserted a persuasive reason as to why the amendment could not have been effected on or before a sufficiently reasonable date to permit discovery to be accomplished by the end of 2013. *See Minter*, 451 F.3d at 1205 n.4. Thus, the Court recommends finding that good cause does not exist to modify the Scheduling Order in this matter pursuant to Fed. R. Civ. P. 16(b).

## II.     Amendment pursuant to Rule 15(a)

Even if Plaintiffs had demonstrated good cause for modifying the Scheduling Order, they must also meet the requirements of Fed. R. Civ. P. 15(a). Once a 21-day period after a responsive pleading to the complaint is filed lapses, a party may amend its pleading only by leave of the court or by written consent of the adverse party. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2013); *see also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Here, Defendant Christina MacMillan argues that the proposed amendments should be denied as futile, untimely filed, unduly delayed, and prejudicial.

### A.     Futility of the Amendments

Christina argues that permitting amendment of the proposed claims would be futile, as the claims are barred by the applicable statute of limitations or by the *res judicata* and collateral estoppel doctrines. The Court will address each argument in turn.

### A.     Futility

Although Christina argues that the proposed amendments would be futile, I am not convinced by her arguments. She notes that the new claims would be vigorously defended on numerous grounds, most likely resulting in motions to dismiss relying on, among other things, personal jurisdiction of proposed additional defendants who are citizens of other states. The only argument I find persuasive in the slightest is the standing argument, Christina contending that "[t]he majority of the claims Plaintiffs assert belong to Andrew MacMillan, not to Plaintiffs." Opposition at p.13 [docket #119]. Generally, the proposed amended claims argue that the new defendants assisted Christina and Patricia in interfering with Andrew's relationship with Bovino. Based on my review of the Motion and Proposed Third Amended Complaint, this theory is not futile, at least not for purposes of amending the complaint.

### B.     Untimely Filing/Undue Delay

When evaluating opposition to a motion to amend based upon undue delay, the Tenth Circuit focuses primarily on the asserted reasons for delay. *Minter*, 451 F.3d at 1206. Denial based upon delay is appropriate "when the party filing the motion has no adequate explanation for the delay,"

or in instances where it appears the plaintiff utilizes Rule 15 to make the complaint "a moving target." *Id*. (citations omitted). The Court may also deny leave to amend "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

As described above in the Court's evaluation of good cause to modify the Scheduling Order, the Court finds that the motion is untimely because Plaintiffs failed to provide an adequate explanation for the delay after March 2013. Thus, the Court finds that denial of the proposed amendments based upon undue delay is appropriate here.

### C. Undue Prejudice

In the Tenth Circuit, the "most important . . . factor in deciding a motion to amend the pleadings . . . is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id*. (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. (citations omitted). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

Here, the Court agrees that permitting amendment of the complaint to add new defendants and new claims would financially prejudice the Defendants, given the allegations that a state court in Florida which has jurisdiction over the parties is severely curtailing the financial resources available to them (an allegation fleshed out at the hearing). Although I believe this type of prejudice has been used by other courts in denying motions to amend, the undue delay is so convincing here

that I need not address this argument. *See, e.g., Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming district court's denial of a motion to amend as the case "was near resolution and discovery had been completed"); *Semsroth v. City of Wichita*, No. 04-1245-MLB, 2006 WL 2570557, at *5 (D. Kan. Sept. 5, 2006) (denial of a motion to file a second amended class action complaint because significant discovery had occurred, written discovery requests had been served, and the proposed complaint contained new factual allegations).

## **CONCLUSION**

Accordingly, for the reasons stated above and based upon the entire record herein, the Court respectfully RECOMMENDS that the Plaintiffs' Motion for Leave to File Third Amended Complaint [filed November 25, 2013; docket #113] be **DENIED**.

Dated at Denver, Colorado, this 30th day of January, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge