IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  12-cv-00551-PAB-KMT

DAVID A. BOVINO P.C., d/b/a Law Offices of Bovino & Associates, a
Colorado corporation, and
DAVID A. BOVINO, an individual,

      Plaintiffs,

v.

PATRICIA A. MACMILLAN, an individual, and
CHRISTINA MACMILLAN, an individual,

      Defendants.

---

**ORDER**

---

This matter is before the Court on the Refiled Motion to Consolidate Actions or,
Alternatively, to Transfer Related Cases [Docket No. 274] filed by plaintiffs David A.
Bovino P.C. and David A. Bovino.  Plaintiffs move to consolidate the present case
("*Bovino I*") with *David A. Bovino, P.C. v. UBS Trust Company* ("*Bovino II*"), No. 14-cv-
00355-RPM (D. Colo.), currently pending before Senior District Judge Richard P.
Matsch.  Docket No. 141 at 1.  In the alternative, plaintiffs move to transfer *Bovino II* to
this Court pursuant to D.C.COLO.LCivR 40.1(c)(4).  *Id.* at 1.  Because *Bovino I* is the
"lowest numbered case included in the proposed consolidation," plaintiff's request is
properly directed to this Court.  *See* D.C.COLO.LCivR 42.1.

On March 20, 2014, plaintiffs filed their original Motion to Consolidate Actions or,
Alternatively, to Transfer Related Cases (the "original motion to consolidate") [Docket
No. 141].  On March 26, 2015, the Court denied the original motion to consolidate

without prejudice, concluding that, due to pending settlement negotiations, it would be inappropriate to resolve plaintiffs' motion to consolidate. Docket No. 265. Plaintiffs now seek to refile their original motion to consolidate [Docket No. 274-1], arguing that, because the parties have made no recent progress in settling this case, it is appropriate to rule on the merits of the original motion to consolidate. Docket No. 274 at 1-2. Christina MacMillan and Patricia MacMillan take no position on plaintiffs' request for a ruling on the consolidation issue. Docket No. 274 at 3. *Bovino II* defendants UBS Trust Company, N.A. and UBS Financial Services (collectively, "UBS") oppose plaintiffs' request for a ruling on the consolidation issue and *Bovino II* defendants Timothy Kelly and Kelly and Hannah, P.A. (collectively, "Kelly") take no position. *Id.* The Court finds that it is appropriate to rule on the merits of the present motion. *See* Docket No. 274 at 1.[1]

## I. BACKGROUND

John H. MacMillan III was a descendant of the founder of Cargill Inc., a United States-based food and manufacturing company. Docket No. 23 at 3, ¶ 9. John MacMillan III married Patricia MacMillan and the couple had a son, Andrew Cargill MacMillan ("Mr. MacMillan"). *Id.* John MacMillan III and Patricia MacMillan later divorced. Upon John MacMillan III's death, Andrew MacMillan became the beneficiary of a trust, *id.* at 1, 3, ¶¶ 9-10, administered by UBS Trust Company N.A. *Id.* at 3, ¶ 10. Andrew MacMillan married Christina MacMillan née Callahan and the couple had a son.

---

[1] Docket No. 141 and Docket No. 274-1 appear to be identical. Thus, this order cites to the original motion to consolidate [Docket No. 141] and subsequent briefing [Docket Nos. 149, 163, 164]. The Court will consider any additional facts and argument plaintiffs set forth in the present motion [Docket No. 274] where appropriate.

Docket No. 23 at 4, ¶ 15.

Beginning in 2008, plaintiff David A. Bovino served as legal counsel to Mr.
MacMillan.  Docket No. 45-1 at 1, ¶ 5.  In 2010 and 2011, Mr. MacMillan retained Mr.
Bovino to assist in the transfer of trust assets from UBS to a different institutional
trustee.  Docket No. 45 at 3, ¶ 1.  Plaintiffs accuse Christina and Patricia MacMillan of,
among other things, terminating or otherwise impairing the relationship between Mr.
MacMillan and Mr. Bovino.  Docket No. 9 at 7-8, ¶ 28.  It is the termination of the
relationship between Mr. MacMillan and Mr. Bovino that gives rise to plaintiffs' claims.

On May 10, 2011, Mr. Bovino, David A. Bovino P.C., and Mr. MacMillan filed this
action ("*Bovino I*") against Patricia MacMillan in the District Court for Pitkin County,
Colorado.  Docket No. 1 at 1.  On January 24, 2012, Mr. MacMillan, through his
guardian ad litem, asked to be dismissed as a party.  Docket No. 1-1 at 2-3.  On
January 25, 2012, the Court dismissed Mr. MacMillan from the case.  Docket No. 1-2 at
2.  On February 10, 2012, the remaining plaintiffs amended their complaint to add
Christina MacMillan as a defendant.  Docket No. 1-3 at 2.  On March 1, 2012, Christina
MacMillan removed the case to this Court.  Docket No. 1.  In the Second Amended
Complaint, plaintiffs assert nine claims for relief against defendants.  Docket No. 9.
Plaintiffs bring state law claims for invasion of privacy, intentional interference with
contractual obligations, intentional interference with prospective business advantage,
and civil conspiracy.  *Id.* at 10-13.  Plaintiffs bring federal claims under the
Anticybersquatting Consumer Protection Act, Lanham Act, Stored Communications Act,
and Computer Fraud and Abuse Act.  *Id.* at 12-15.

On April 26, 2012, the assigned magistrate judge entered the Scheduling Order,

3

which stated that the deadline for the joinder of parties and amendment of the

pleadings was June 9, 2012.  Docket No. 31 at 17-18.  No request was made to modify

this deadline.  The original discovery deadline was set for December 31, 2012, *id.* at 18,

but the parties requested multiple extensions and, as a result, the discovery deadline

was extended to November 22, 2013.  Docket No. 85 at 2.  Plaintiffs assert that, on

January 28, 2013, UBS produced documents to plaintiffs; on March 27, 2013, plaintiffs

deposed Jan Klein of UBS; and, on March 28, 2013, plaintiffs deposed Christina

MacMillan.  Docket No. 141 at 2-3.

On November 25, 2013, plaintiffs filed a Motion for Leave to File the Third

Amended Complaint (the "motion to amend") [Docket No. 113 (public entry at Docket

No. 116)], which stated:

> During litigation but after the cutoff date for adding parties, Bovino received
> persuasive deposition and documentary evidence that UBS Financial
> Services, Inc. and UBS Trust Company, N.A. (collectively, "UBS") as well as
> Timothy D. Kelly, a lawyer practicing in Minnesota and his law firm, Kelly and
> Hannah, P.A. (collectively, "Kelly") conspired with, and participated in,
> Christina's and Patricia's malfeasance.  As a result, Bovino respectfully
> moves for leave to amend the Second Amended Complaint to add claims
> against Patricia and Christina and where appropriate, to add UBS and Kelly
> as defendants . . . .

Docket No. 116 at 1.  Christina MacMillan opposed the motion, primarily arguing that

adding new parties at that stage of litigation would prejudice defendants by creating

increased litigation costs and undue delay.  Docket No. 129 at 2.

On January 30, 2014, the magistrate judge recommended that plaintiffs' motion

to amend be denied.  *Id.* at 9.  The magistrate judge concluded that, based upon

plaintiff's representations in the Scheduling Order, plaintiffs were aware of UBS's

involvement in this case no later than April 2012.  *Id.* at 4.  The magistrate judge also

noted that, on January 28, 2013, UBS produced to plaintiffs the documents upon which their motion relied.  *Id.* at 5.  The magistrate judge concluded that adding UBS and Kelly as parties "would bring about an entirely new lawsuit within a lawsuit, nearly three years after the current case was filed" and found that plaintiffs "have not provided an adequate explanation for the delay nor asserted a persuasive reason as to why the amendment could not have been effected on or before a sufficiently reasonable date to permit discovery to be accomplished by the end of 2013."  *Id.* at 6.  Plaintiffs did not object to the magistrate judge's recommendation and, on February 20, 2014, the Court issued an order accepting the magistrate judge's recommendation.  Docket No. 133.

On February 7, 2014, plaintiffs filed *Bovino II*, a separate action against UBS and Kelly.  *Bovino II*, (Docket No. 1).[2]  Plaintiffs' complaint in *Bovino II* is 65 pages long and describes circumstances directly and tangentially related to the relationship between Mr. MacMillan and Mr. Bovino.  *See generally id.*  Plaintiffs bring claims against UBS and Kelly for invasion of privacy by intrusion, invasion of privacy by appropriation, intentional interference with contractual obligations, intentional interference with prospective business advantage, civil conspiracy, violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  *Id.*, (Docket No. 1 at 58-64).  On March 27, 2014, UBS filed a motion to dismiss for failure to state a claim, *id.*, (Docket No. 12), and, on April 14, 2014, Kelly filed a motion to dismiss, arguing a lack of personal jurisdiction and failure to state a claim.  *Id.*, (Docket No. 13).  On October 22, 2014,

---

[2]The Court will use this format for citations to the docket in *Bovino II*.

Judge Matsch ordered all proceedings in *Bovino II* stayed pending the conclusion of the trial in *Bovino I*.  *Id.*, (Docket No. 47).  No scheduling order has entered and it appears that no other pretrial deadlines have been set.

On March 20, 2014, plaintiffs filed the original motion to consolidate in *Bovino I*. Docket No. 141.  The original motion to consolidate was fully briefed.  *See* Docket No. 149, 163, 164.  After the filing of the original motion to consolidate, the parties in *Bovino I*, *Bovino II*, and other related cases engaged in settlement negotiations.  Plaintiffs, defendants, and UBS claim that a global settlement has been reached between the parties in *Bovino I*, *Bovino II*, and other related cases pending in Colorado and Florida state courts, but plaintiffs and defendants in the present case disagree as to the terms of that agreement.  On September 29, 2014, they each filed motions to enforce the settlement agreement, arguing their own interpretation of the settlement agreement's terms.  *See* Docket Nos. 197, 199 (public entries at Docket Nos. 200, 202).  On September 30, 2014, the magistrate judge held a final pretrial conference in *Bovino I*, Docket No. 204, and entered a Final Pretrial Order.  Docket No. 208.  *Bovino I* was set for an eight-day jury trial beginning on February 23, 2015.  Docket No. 206.

On January 23, 2015, the Court held a status conference with Bovino and the MacMillans concerning the global settlement.  Docket No. 254.  Counsel for Bovino and the MacMillans stated that Bovino and the MacMillans executed a written settlement agreement, but that UBS had refused to sign the document.  At the hearing, the Court asked the parties why the Court had jurisdiction to enforce a settlement involving persons and entities who are not parties to *Bovino I*.  The parties requested, and the

Court granted, additional time to resolve those issues.  On February 6, 2015, the Court

held a status conference with Bovino, the MacMillans, and UBS.  Docket No. 261.  Kelly

declined to participate, out of concern that it might waive its lack of personal jurisdiction

argument.  Counsel for Bovino, the MacMillans, and UBS expressed optimism that an

agreement could be reached between them.  The Court vacated the February 23, 2015

trial date and directed the parties to file monthly joint status reports apprising the Court

of the parties' progress in finalizing a settlement.  The Court set this case for trial on

August 31, 2015.

On March 26, 2015, the Court denied the original motion to consolidate without

prejudice.  Docket No. 265.  The parties continued to file status reports regarding their

attempts execute a written settlement agreement.  *See* Docket Nos. 266, 268, 269,

272, 273.  On June 15, 2015, plaintiffs filed the present motion.  Docket No. 274.

Plaintiffs indicate that the parties and UBS are no longer attempting to execute a written

settlement agreement and, as a result, plaintiffs seek a ruling on the merits of their

request to consolidate *Bovino I* and *Bovino II*.  *Id.* at 2.

## II.  CONSOLIDATION

### A.  Standard of Review

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions

before the court involve a common question of law or fact, the court may . . .

consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  Pursuant to Local Rule 42.1, the

judge assigned to the lowest numbered case decides whether consolidation is

warranted.  D.C.COLO.LCivR 42.1.  The decision whether to consolidate actions

involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. *Wright & A. Miller, Federal Practice & Procedure* § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

## B. Analysis

Plaintiffs argue that *Bovino I* and *Bovino II* involve "essentially identical questions of law and facts" and that plaintiffs allege similar claims in both cases. Docket No. 141 at 4. Plaintiffs mention that interests of judicial economy and fairness are relevant considerations when considering consolidation, but do not explain why such interests weigh in favor of consolidation in this case. *Id.* at 5. Defendants[3] point out that *Bovino I* has been pending for more than three years and that consolidation would introduce the possibility of counterclaims and cross claims being brought against defendants and cause discovery to be reopened. Docket No. 163 at 2-3. Defendants argue that *Bovino I* is ready to proceed to trial and that final resolution of the case should not be further delayed. *Id.* at 3. UBS also filed a brief in opposition to consolidation. Docket No. 149.

---

[3]Christina MacMillan filed a response brief, which Patricia MacMillan joined. Docket Nos. 163, 164.

UBS argues that, if consolidation occurs, UBS will be "forced to defend itself at trial without the benefit of sufficient discovery . . . or [*Bovino I*] would be delayed while the parties engaged in at least another year of discovery."  *Id.* at 7.  UBS acknowledges that whether defendants illegally intercepted Mr. MacMillan's emails is a central issue in both *Bovino I* and *Bovino II*, but argues that, if this issue is decided in *Bovino I*, it will have preclusive effect in *Bovino II*.  *Id.* at 8.  Plaintiffs concede consolidation of *Bovino I* and *Bovino II* will require that the August 31, 2015 trial and other pretrial dates in *Bovino I* be vacated.  Docket No. 274 at 3.

Both *Bovino I* and *Bovino II* arise from the circumstances surrounding the relationship between Mr. Bovino and Mr. MacMillan.  Defendants' alleged interference with that relationship appears to be an issue common to both cases.  However, whereas *Bovino I* focuses primarily on the conduct of defendants, the allegations in *Bovino II* have a broader scope, encompassing the conduct of UBS and Kelly.  *See, e.g.*, *Bovino II*, (Docket No. 1 at 40-41, ¶ 77) (describing communications between UBS, Kelly, and other attorneys).  Although there may be common factual issues between the two cases, it is the conduct of persons and entities who are not defendants in *Bovino I* which appears to predominate the allegations in *Bovino II*.  As to common questions of law, although plaintiffs bring many of the same legal claims in both cases, both cases consist primarily of tort claims, which do not appear to raise novel or complex questions of law.  The Court's only substantive ruling in *Bovino I* was denying plaintiffs' motion for summary judgment on its claim under the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, Docket No. 142, a claim which plaintiffs do not bring in

*Bovino II*.  Thus, there is currently no danger of inconsistent rulings if the cases are not consolidated, nor do common questions of law provide strong grounds for consolidation.  The Court finds that common questions of law and fact do not weigh heavily in favor of consolidation.

The Court turns to the question of judicial economy and fairness to the parties. The parties have completed discovery and all other pretrial matters in *Bovino I* and the case is set for trial.  Considerable judicial resources have been expended in preparing this case for trial.  The efforts of the Court, the magistrate judges, and the parties would be wasted in large part if the cases were consolidated at this late stage of *Bovino I*. Consolidation would likely require the Court to reopen discovery and force the parties to repeat much of the work that has already been done to prepare this case for trial. Plaintiffs conceded that consolidation would impose further delays in adjudicating the claims between the parties in this case.  Docket No. 274 at 3.  Moreover, *Bovino I* has been pending for more than three years.  It would be unfair to impose upon defendants, who are otherwise prepared to proceed to trial, further delay in reaching final resolution of the claims against them.  Plaintiffs could perhaps counter this concern if they were able to justify their delay in bringing claims against UBS and Kelly, but plaintiffs have failed to do so.  As a result, the Court finds that considerations of judicial economy and fairness weigh heavily against consolidation.

The Court finds that consolidation of *Bovino I* and *Bovino II* would not lead to an expeditious or economical resolution of this dispute.  As a result, the Court, in an exercise of its discretion, will not order the consolidation of *Bovino I* and *Bovino II*.  This

10

aspect of plaintiffs' motion is therefore denied.

## III. TRANSFER

Plaintiffs request that, in the alternative to consolidation, the Court effectuate the transfer of *Bovino II* to this Court pursuant to D.C.COLO.LCivR 40.1(c)(4). Docket No. 141 at 5-6. UBS joins in the request, Docket No. 149 at 9, and defendants do not oppose it. Docket No. 163 at 1. Plaintiffs' request is denied. As discussed above, the Court has only ruled on plaintiffs' claim under the Stored Communications Act, a claim which plaintiffs do not assert in *Bovino II*. Moreover, Kelly's motion to dismiss for lack of personal jurisdiction and UBS's motion to dismiss for failure to state a claim are the only pending motions in *Bovino II*. This Court has not yet had occasion in *Bovino I* to consider the issues raised by motions pending in *Bovino II*. Thus, at this juncture, there appears to be no danger of inconsistent rulings. With respect to questions of efficiency, by virtue of the Court's order of reference, Magistrate Judge Michael E. Hegarty presided over all of the pretrial matters in this case. However, Magistrate Judge Hegarty has recused himself from this case and would not therefore preside over pretrial matters in any consolidated action. *See* Docket No. 244. The Court finds that the assignment of *Bovino II* to this Court would not create any obvious or significant efficiencies in administration of either case.

For the foregoing reasons, the Court finds that the special assignment of *Bovino II* to this Court is not warranted. The Court will, however, deny this aspect of plaintiffs' motion without prejudice should additional grounds arise after trial in *Bovino I* for plaintiffs and UBS to renew their request to transfer *Bovino II* to this Court.

11

**IV.  CONCLUSION**

It is therefore

**ORDERED** that plaintiffs' Refiled Motion to Consolidate Cases or, Alternatively, to Transfer Related Cases [Docket No. 274] is **DENIED** as indicated in this order.  It is further

**ORDERED** that the aspect of plaintiffs' motion requesting to transfer *David Bovino, P.C. v. UBS Trust Company* ("*Bovino II*"), No. 14-cv-00355-RPM (D. Colo.) to this Court is **DENIED** without prejudice.

DATED June 24, 2015.

BY THE COURT:

 s/Philip A. Brimmer

PHILIP A. BRIMMER
United States District Judge