IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00551-PAB-KMT

DAVID A. BOVINO P.C., d/b/a Law Offices of Bovino & Associates, a
Colorado corporation, and
DAVID A. BOVINO, an individual,

   Plaintiffs,

v.

PATRICIA A. MACMILLAN, an individual, and
CHRISTINA MACMILLAN, an individual,

   Defendants.

## ORDER

This matter is before the Court on the Motion to Enforce Settlement Agreement [Docket No. 197 (public entry at Docket No. 215)] filed by plaintiffs David A Bovino P.C. and David A. Bovino (collectively, "Bovino") and the Motion to Enforce Settlement Agreement [Docket No. 199 (public entry at Docket No. 202)] filed by defendants Patricia and Christina MacMillan (collectively, the "MacMillans").

### I. BACKGROUND

The background facts giving rise to Bovino's claims in this case have been set forth elsewhere and will not be restated here except as relevant to resolving the present motions. *See* Docket No. 142 at 1-5. In April 2015, the parties to this case began settlement negotiations before Magistrate Judge Michael E. Hegarty, who was the then-assigned magistrate judge. Docket No. 197 at 2. The settlement negotiations

contemplated the resolution of this case ("Federal Court Case No. 1") and four other actions:

(1) *David A. Bovino, P.C. v. UBS Trust Company, N.A.*, 14-cv-00355-RPM ("Federal Court Case No. 2"), which is currently pending before Senior District Judge Richard P. Matsch.  The parties to Federal Court Case No. 2 are plaintiffs David A. Bovino P.C. and David A. Bovino and defendants UBS Trust Company, N.A., UBS Financial Services, Inc., Timothy D. Kelly, and Kelly and Hannah, P.A.  UBS Trust Company, N.A. and UBS Financial Services, Inc. (collectively, "UBS") have filed a motion to dismiss for failure to state a claim, *id.* (Docket No. 12), and Timothy D. Kelly and Kelly and Hannah, P.A. (collectively, "Kelly") have filed a motion to dismiss for lack of personal jurisdiction.  *Id.* (Docket No. 13).  Federal Court Case No. 2 is stayed pending the conclusion of the trial in Federal Court Case No. 1.

(2) *David A. Bovino, Esq. v. Andrew MacMillan*, No. 2013CV31569 ("Denver District Court Case"), which is currently pending in the District Court for Denver County, Colorado.  The parties to the Denver District Court Case are plaintiffs David A. Bovino, Esq. and David A. Bovino P.C. and defendant Andrew MacMillan.  *See* Docket No. 199-1 at 50.[1]  Christina and Patricia MacMillan appear to be litigating the Denver District Court case on Mr. MacMillan's behalf has his co-guardians.  *Id.*  The Denver District Court Case is stayed pending this Court's resolution of the motions to enforce.  No. 2013CV31569 (Oct. 12, 2014).

---

[1]The Court recognizes that the MacMillans' draft settlement agreement [Docket No. 199-1 at 69-88] and UBS's draft settlement agreement [Docket No. 236-5] may contain disputed language.  Nonetheless, these documents provide relevant context for resolving the motions to enforce.

> (3) *In re: Andrew Cargill MacMillan*, No. PR-C-11-2246, and all related adversary matters pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Florida court"). *Id.* at 71.
>
> (4) *In re: Andrew Cargill MacMillan*, No. MH-C-11-0000764, pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *Id.*[2]

The settlement negotiations contemplated an agreement binding the following parties (collectively, the "settlement parties"): Bovino; Patricia MacMillan individually and as court appointed co-guardian of Andrew MacMillan; Christina MacMillan individually and as court appointed co-guardian of Andrew MacMillan, and for her two minor children; Andrew MacMillan by and through his co-guardians; Andrew MacMillan, Christina MacMillan, each of their minor children, and any unborn issue of Andrew MacMillan; UBS; and Kelly. Docket No. 199-1 at 69-70; *see also* Docket No. 236-5 at 2-3.

Bovino and the MacMillans contend that, during a settlement conference with Magistrate Judge Hegarty on April 15, 2014, a settlement was reached between Bovino, the MacMillans, and UBS,[3] the material terms of which were stated on the record. *See* Docket No. 199 at 2, ¶ 2; Docket No. 197 at 3. Those parties then attempted to finalize a written settlement agreement, but were unable to do so. *Id.* On June 13, 2014, Magistrate Judge Hegarty met with Bovino, the MacMillans, and UBS,

---

[2]The Court refers to the cases pending in Broward County, Florida collectively as the "Florida cases." The Florida cases appear to concern the MacMillans guardianship of Andrew MacMillan and a document entitled General Power of Attorney.

[3]Kelly did not attend the settlement conference, but advised UBS's counsel that Kelly agreed to the terms of the settlement. Docket No. 197 at 3 n.4.

3

where Bovino and the MacMillans confirmed that an agreement had been reached on April 15, 2014 as to all material terms. *Id.*; Docket No. 199 at 2, ¶ 4. The majority of the June 13, 2014 conference was spent negotiating additional terms between UBS and the MacMillans, individually and in their capacities as court appointed co-guardians of Mr. MacMillan. Docket No. 199 at 2-3; Docket No. 197 at 3. Bovino, the MacMillans, and UBS circulated draft written settlement agreements. Docket No. 197 at 4. Bovino, the MacMillans, and UBS held additional settlement conferences with Magistrate Judge Hegarty on July 14, July 31, August 5, August 19, August 26, and September 4, 2014. Docket No. 197 at 4; Docket Nos. 188, 190, 191.

On September 16 and 17, 2014, Bovino, the MacMillans, and UBS held a final settlement conference. Docket No. 194. Bovino asserts that the parties agreed on the record to a revised settlement, but disputed only one remaining injunctive term. Docket No. 197. The MacMillans assert that, as of September 17, 2014, the parties have been unable to agree on the written terms of any settlement agreement. Docket No. 199 at 4. UBS asserts that Bovino and the MacMillans have omitted key terms from their respective descriptions of the settlement and, furthermore, that UBS's Fiduciary and Trust Administration Committees have not consented to either Bovino's or the MacMillans' version of the settlement agreement as is required to effectuate UBS's participation in a settlement. Docket No. 236 at 2.

On September 18, 2014, Magistrate Judge Hegarty stated:

> The Court has engaged in extensive settlement negotiations with the parties. On April 15, 2014 and September 17, 2014, elements of a settlement agreement were read into the record in open court. However, the Court believes that one or more parties may not agree that a current binding

> settlement agreement exists. Due to the age of this case, it is no longer practical to hold the case in abeyance pending a signed agreement.

Docket No. 193 at 1. As a result, Magistrate Judge Hegarty held a final pretrial conference, Docket No. 204, and entered the Final Pretrial Order. Docket No. 208. This case was set for an eight-day jury trial beginning on February 23, 2015. Docket No. 206.

On September 29, 2014, Bovino and the MacMillans filed the present motions to enforce the settlement, Docket Nos. 197, 199, which were referred to Magistrate Judge Hegarty. Docket No. 203. On December 15, 2014, UBS filed a response to the motions to enforce. Docket No. 236 (public entry at Docket No. 238). On January 5, 2015, Magistrate Judge Hegarty held a status conference with Bovino, the MacMillans, and UBS to discuss draft settlement documents. Docket No. 243. On January 9, 2015, Magistrate Judge Hegarty recused. Docket No. 244. On January 12, 2015, the Court withdrew the order of reference on the motions to enforce. Docket No. 246.

On January 22, 2015, Bovino and the MacMillans filed the Joint Motion to Set Hearing on Motions to Enforce Settlement Agreement [Docket No. 249], proposing that the February 23, 2015 trial date be converted to a hearing on the motions to enforce. Bovino and the MacMillans represent that, at the April 15, 2014 settlement conference, all parties agreed to the material terms of a settlement and that, at the June 13, 2014 settlement conference, all parities agreed to additional settlement terms. Docket No. 249 at 2. Bovino and the MacMillans state, "The only issue presented in the parties' competing motions to enforce settlement agreement is whether or not at the first conference conducted by Magistrate Judge Hegarty on September 17, 2014, all parties

agreed to add several additional terms to the settlement agreement." *Id.* Bovino and the MacMillans further state that, although they agree that an enforceable settlement agreement exists, the motions to enforce "differ as to specifics of several of the settlement terms." *Id.* at 5.

On January 23, 2015, the Court held a status conference with Bovino and the MacMillans. Docket No. 254. Counsel for Bovino and the MacMillans stated that Bovino and the MacMillans recently executed a written settlement agreement, but that UBS had refused sign the document. At the hearing, the Court expressed concerns over whether it had jurisdiction to enforce a settlement involving persons and entities who are not parties to Federal Court Case No. 1. On February 6, 2015, the Court held a status conference with Bovino, the MacMillans, and UBS. Docket No. 261. Kelly declined to participate. Counsel for Bovino, the MacMillans, and UBS expressed optimism that an agreement could be reached between them. The Court vacated the February 23, 2015 trial date and directed the parties to file monthly joint status reports apprising the Court of the parties' progress in finalizing the settlement. This case is set for trial on August 31, 2015.

On March 2, 2015, the parties filed a status report indicating that Bovino, the MacMillans, and UBS held a full day meeting to negotiate remaining issues. Docket No. 264. On April 1, 2015, the MacMillans filed a status report, which Bovino joined, indicating that Bovino and UBS were having difficulty finalizing the settlement documents. Docket No. 266 at 1-2. On May 1, 2015, the MacMillans filed a status report indicating that recent settlement discussions took place between Bovino and UBS. Docket No. 268.

>On May 1, 2015, Bovino filed a status report stating
>
>1. Plaintiffs, Defendants and non-party UBS are no closer to reaching agreement on the terms of settlement, or resolving issues and matters they disagree on, now than they were a year ago. The agreement that they have been trying to finalize for over a year is still not finalized, and it looks like it may never be.
>
>2. Plaintiffs believe that this action will be tried and that, if and to the extent there is even a possibility of the action being settled, the likelihood that it would is remote, at best.

Docket No. 266 at 1 (footnote omitted). According to Bovino, no further negotiations or discussions are scheduled and Bovino is preparing for trial. *Id.* at 2. However, Bovino maintains that a settlement was reached, the terms of which were stated on the record before Judge Hegarty, and that a ruling on the motions to enforce would end this case. *Id.* at 1 n.1, 4-5.

## II. ANALYSIS

Generally, a "trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) (citation omitted); *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo. App. 2001) ("A court may summarily enforce a settlement agreement if it is undisputed that a settlement exists"). However, the authority to enforce settlement agreements does not ordinarily extend to agreements involving persons or entities not part of the pending proceeding. *See Jones v. Lujan*, 936 F.2d 583 (table op.), 1991 WL 114635, at *1 (10th Cir. June 25, 1991) (affirming district court's ruling that "it could not enforce the Settlement Agreement as plaintiff requested because the IG was not a party to the

agreement and because the court had no jurisdiction over the IG"); *Boyles v. Visteon Corp.*, 2007 WL 1723491, at *2 (N.D. Okla. June 13, 2007) ("While plaintiff is correct that the Court has the power to enforce a settlement agreement in a case pending before it, that does not extend the Court's authority beyond the litigants actually before the Court.").

Here, Bovino and the MacMillans in their individual capacities are the only parties to Federal Court Case No. 1, whereas the settlement purports to be between Bovino, UBS, Kelly, and the MacMillans in a variety of additional capacities. Bovino and the MacMillans do not suggest a basis by which the Court would have jurisdiction to enforce a settlement as to non-parties to this case, and no such basis is apparent to the Court. The settlement parties appear to have contemplated a settlement term by which they would consent to this Court's jurisdiction for purposes of entering and enforcing a settlement agreement. Docket No. 199-1 at 72. Although Magistrate Judge Hegarty mentioned that "UBS has voluntarily participated and is agreeing to be bound by the terms ultimately to be negotiated," Docket No. 197-1 at 2:19-21, the recitation of the material terms on the record did not include any term by which the non-parties to this case consented to this Court's jurisdiction (assuming, without deciding, that the Court would enter a consent decree containing such a term). *See generally* Docket Nos. 197-1, 197-2, 197-3.[4] Bovino and the MacMillans do not argue otherwise.[5] Because the

---

[4] At the January 23, 2015 status conference, Christina MacMillan's counsel acknowledged that the MacMillans in their capacities as co-guardians of Andrew MacMillan were not parties to this case, but suggested that, once the settlement agreement was enforced, the MacMillans would be contractually obligated to take certain actions in their capacities as co-guardians. However, neither Bovino nor the MacMillans have identified a material term agreed to on the record by the settlement

motions to enforce seek enforcement of a settlement agreement against persons and entities who are not parties to this case or otherwise before the Court and because Bovino and the MacMillans do not establish that the Court can appropriately enforce a settlement as to non-parties to this case, the motions to enforce will be denied. *Cf. Jones*, 1991 WL 114635, at *1.

The purported settlement raises additional questions, none of which have been adequately answered by Bovino and the MacMillans. UBS's and the MacMillans' draft settlement agreements suggest that settlement is not valid or enforceable until it is approved by the court in the Florida cases. Docket No. 236-5 at 5-6; Docket No. 199-1 at 72. Although the settlement appears to contemplate Mr. Bovino and the MacMillans, in their capacities as co-guardians, filing a joint petition with the Florida court seeking approval of the settlement, Bovino and the MacMillans do not indicate that they have done so or indicate whether the court in the Florida case has approved this settlement. *Cf.* Docket No. 199-1 at 72. ("The validity and enforcement of this Settlement Agreement is subject to the approval of the Court in the Florida Guardianship Case."). As a result, it is not clear that enforcement of the settlement is even possible at this time.

The settlement purports to resolve Federal Court Case No. 1, Federal Court Case No. 2, the Denver District Court Case, and the Florida cases. Docket No. 197 at

---

parties that would permit the Court to order the MacMillans to act in anything but their individual capacities.

[5]When the issue was raised at the January 23, 2015 status conference, Bovino and the MacMillans did not suggest a means by which the Court could enforce a settlement as to UBS.

2. The Court denied Bovino's motion to consolidate this case with Federal Court Case No. 2. Docket No. 265. Bovino and the MacMillans do not claim that the Court has subject matter jurisdiction over the Denver District Court Case or the Florida cases. Thus, absent any argument to the contrary, the Court appears to lack subject matter jurisdiction to ensure that the settlement effectuates the dismissal of the subject actions.

The settlement parties appear to have contemplated a settlement term stating that the Court shall retain jurisdiction to enforce the settlement agreement. *See* Docket No. 236-5 at 34; Docket No. 199-1 at 81. In an exercise of its discretion, the Court will not enter any order which requires the Court to retain jurisdiction to enforce a settlement agreement in this case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (holding that court retains ancillary jurisdiction to enforce settlement agreement only when order or stipulation dismissing case expresses as much); *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996) ("the mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court"); Judge Philip A. Brimmer, Practice Standards (Civil Cases) § I.H.5 ("Except in extraordinary circumstances, the Court will not retain jurisdiction . . . over cases that have been settled. . . . Any motion or stipulation for dismissal requesting that the Court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such an approach."). Thus, to whatever extent a

settlement is contingent on the Court retaining jurisdiction to enforce a settlement agreement, the Court will not enter an order enforcing such an agreement.[6]

## III. CONCLUSION

Because the Court's resolution of the motions to enforce does not turn on disputes as to "material facts concerning the existence or terms of an agreement to settle," the Court concludes that an evidentiary hearing is not required. *Cf. Hardage*, 982 F.2d at 1496. For the foregoing reasons, it is

**ORDERED** that Bovino's Motion to Enforce Settlement Agreement [Docket No. 197 (public entry at Docket No. 215)], the MacMillans' Motion to Enforce Settlement Agreement [Docket No. 199 (public entry at Docket No. 202)], and the parties' Joint Motion to Set Hearing on Motions to Enforce Settlement Agreement [Docket No. 249] are **DENIED**.

---

[6]"In order to establish the existence of a contract, the evidence must show that the parties agreed upon all essential terms." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986). The mere intention to later reduce an oral agreement to writing is not, by itself, "sufficient to show that the parties intended that until such formal writing was executed the parol or informal contract should be without binding force." *Id.* (quotations omitted). Although the Court need not decide whether the parties agreed on all essential terms in this case in resolving the present motions, there are several facts that counsel against such a finding. The fact that Bovino, the MacMillans, and UBS are not in accord as to what essential terms were agreed to on the record belies the notion that a clear and unambiguous settlement has been reached. *Cf.* Docket No. 197 at 7-9, Docket No. 199-1 at 68-88; Docket No. 236-5. Moreover, the settlement parties' failure to execute a written settlement agreement in the time since the April 15, 2014 settlement conference and Bovino's May 1, 2015 status report further suggests that the parties did not agree upon the all essential terms.

DATED June 24, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge